```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 10-178(DSD/JJK)
```

State Farm Mutual Automobile
Insurance Company,

       Plaintiff,

v.                                                    **ORDER**

Tara Follese, Charles Case
and Randall Mortensen,

       Defendants.

    Leatha G. Wolter, Esq., Tamara L. Rollins, Esq. and
    Meagher & Geer, 33 South Sixth Street, Suite 4400,
    Minneapolis, MN 55402, counsel for plaintiff.

    Thomas E. Kiernan, Esq. and Kiernan Personal Injury
    Attorneys P.A., P.O. Box 433, Buffalo, MN 55313, counsel
    for defendant Randall Mortensen.


This matter is before the court upon the parties' cross-motions for summary judgment.[1] Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") motion in part.

---

[1] The court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. Plaintiff State Farm Mutual Automobile Insurance Company is an Illinois corporation with its principal place of business in Bloomington, Illinois. (Compl. ¶ 1.) Defendants Tara Follese, Charles Case and Randall Mortensen are citizens of Minnesota. (Id. ¶¶ 2-4.)

## BACKGROUND

This insurance coverage dispute arises out of an automobile insurance policy (the "Policy") that State Farm issued to defendant Tara Follese ("Follese"). Follese obtained the Policy on August 10, 2009, for a 1999 Chevrolet Cavalier (the "Vehicle"). (See Wolter Aff. Ex. 2.) That same day, Follese also obtained an insurance policy from State Farm for a 1995 GMC Jimmy. (Id. Ex. 1.) Both policies listed Follese as the sole insured. (Id. Exs. 1-2.)

When she obtained the Policy, Follese was dating defendant Charles Case ("Case"), whom she met in May 2009. (Id. Ex. 3 at 10-11.) Case purchased the Vehicle before he met Follese. (Id. Ex. 3 at 20-21.) Follese was the sole owner of the GMC Jimmy, but did not purchase or obtain title to the Vehicle. (Id. Ex. 3 at 22-23, 27.) For two brief periods, from April 4 to June 16, 2009, and from September 3 to September 8, 2009, Case insured the Vehicle with Progressive Casualty Insurance Company ("Progressive"). (Id. Ex. 5.) Case was the sole insured on the Progressive policies, and his six-month premium was $1,220. (Id.) The high cost of Case's premium was due to his driving record, which includes two driving-under-the-influence violations and two at-fault accidents. (Id.)

On August 13, 2009, Case was involved in a motor vehicle accident with defendant Randall Mortensen ("Mortensen"). At the time, Case was driving the Vehicle and Mortensen was riding a

2

motorcycle.  Mortensen suffered injuries and later filed a lawsuit against Case in state court.  State Farm began the instant action on January 21, 2010, when it filed a two-count complaint against Follese, Case and Mortensen.  State Farm asserts that Follese fraudulently obtained the Policy by falsely representing that she was the sole owner and principal driver of the Vehicle.  State Farm seeks a declaration that it has no obligation to defend or indemnify Follese or Case with respect to Mortensen's claims, and that the Policy was void *ab initio* because Follese lacked an insurable interest in the Vehicle.  On May 24, 2010, the court granted State Farm's motion for default judgment against Follese and Case.  The court now considers Mortensen and State Farm's cross-motions for summary judgment.

**DISCUSSION**

**I.    Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II. Insurable Interest**

An insurance policy is void *ab initio* if, at the time of the policy's issuance, the insured has no insurable interest in the subject matter of the policy. See 44 C.J.S. Insurance § 317 (2010). An insurable interest exists if the insured will suffer a loss if the property is damaged or destroyed or if the insured may be held liable for damages incident to the operation and use of the property. See Nw. Nat. Bank of Minneapolis v. Maher, 258 N.W.2d 623, 624-25 (Minn. 1977) (citation and internal quotation marks omitted); Quaderer v. Integrity Mut. Ins. Co., 116 N.W.2d 605, 609 (Minn. 1962). Whether a party has an insurable interest is

4

ordinarily a question of fact.  Hane v. Hallock Farmers Mut. Ins. Co., 258 N.W.2d 779, 781 (Minn. 1977) (citation omitted).

### A. Loss of Use

State Farm first argues that Follese did not have an insurable interest when she obtained the Policy because she would not have suffered a loss if the Vehicle were damaged or destroyed. Mortensen claims that an insurable interest existed because Follese would have suffered the loss of use if the Vehicle were damaged. In support, Mortensen cites Case's testimony that Follese regularly used the Vehicle. According to Case, both he and Follese had keys to the Vehicle, and drove it equally. (Wolter Aff. Ex. 4 at 12-14; Kiernan Aff. Ex. 1 at 17-18.) Case also stated that Follese freely drove the Vehicle without seeking his permission. (Kiernan Aff. Ex. 1 at 18.) In response, State Farm denies that Follese regularly drove the Vehicle. According to State Farm, Follese usually drove the GMC Jimmy and only occasionally used the Vehicle to run errands. (Id. Ex. 2 at 31; Wolter Aff. Ex. 3 at 24.) Additionally, Follese testified that Case possessed both sets of keys to the Vehicle, and that she needed his permission to use it. (Kiernan Aff. Ex. 2 at 32, 38.)

In light of this conflicting evidence, the court determines that a genuine issue of material fact exists as to whether Follese's use of the Vehicle gave rise to an insurable interest. Based on the evidence currently before the court, a reasonable jury

could determine this issue in favor of either party. Accordingly, the court denies both parties' motions for summary judgment on this issue.

**B. Liability**

State Farm next argues that Follese had no insurable interest in the Vehicle because she was not liable for any damages caused by its operation. However, based on the discussion above, a question of fact exists as to whether Follese's use of the Vehicle exposed her to liability. See United Servs. Auto. Ass'n v. Howe, 208 F. Supp. 683, 685-86 (D. Minn. 1962) (protection from liability for damages resulting from use of automobile may be insurable interest); cf. State Farm Mut. Auto. Ins. Co. v. Enevoldsen, Civ. No. 97-1088, at 8 (D. Minn. Mar. 15, 1999) (occasional use of truck did not expose defendant to third-party liability). Therefore, summary judgment is not warranted on this issue.

Mortensen also argues that Follese was exposed to liability because she was disqualified from receiving basic economic loss benefits under Minnesota's No-Fault Automobile Insurance Act ("No-Fault Act"). The No-Fault Act provides that a person who is injured in a motor vehicle accident "has a right to basic economic loss benefits." Minn. Stat. § 65B.46 subdiv. 1. A person may obtain these benefits through Minnesota's assigned claims plan. See id. § 65B.64 subdiv. 1; Baker v. Am. Family Mut. Ins. Co., 460 N.W.2d 86, 87 (Minn. Ct. App. 1990) (citation and internal

6

quotation marks omitted). However, Minnesota law excludes any owner of a vehicle who fails to insure the vehicle properly from participating in the assigned claims plan. See Minn. Stat. § 65B.64 subdiv. 3; Harris v. Am. Family Mut. Ins. Co., 480 N.W.2d 690, 691 (Minn. Ct. App. 1992). Minnesota law also excludes from the assigned claims plan "[p]ersons, whether or not related by blood or marriage, who dwell and function together with the owner as a family." Minn. Stat. § 65B.64 subdiv. 3.

Mortensen argues that Follese and Case resided together as a family and that Case's lack of automobile insurance disqualified Follese from participating in the assigned claims plan. According to Mortensen, Follese's inability to receive basic economic loss benefits rendered her liable for damages incident to the use of the Vehicle, thus giving rise to an insurable interest. This argument fails. Even if the court assumes that Follese was disqualified from the assigned claims plan due to her alleged cohabitation with Case, such disqualification does not give rise to liability that would create an insurable interest. Mortensen cites no case law that supports such a finding. Accordingly, the court grants State Farm's motion for summary judgment with respect to this discrete issue.

### III. Minnesota Statutes § 65B.49

In the alternative, Mortensen claims that the No-Fault Act requires State Farm to provide insurance coverage. In support of

7

this argument, Mortensen cites § 65B.49 of the No-Fault Act, which provides that:

> Every plan of reparation security shall be subject to the following provisions ... [t]he liability of the reparation obligor with respect to the residual liability coverage required by this clause shall become absolute whenever injury or damage occurs; such liability may not be canceled or annulled by any agreement between the reparation obligor and the insured after the occurrence of the injury or damage; no statement made by the insured or on the insured's behalf and no violation of said policy shall defeat or void said policy.

Id. § 65B.49 subdiv. 3 at (3)(a). Pursuant to this provision, Mortensen argues, State Farm's liability became absolute when the accident occurred and, therefore, State Farm cannot deny coverage. In response, State Farm argues that because Follese lacked an insurable interest in the Vehicle, § 65B.49 does not compel it to provide coverage. Specifically, State Farm claims that absent an insurable interest, the Policy State Farm issued to Follese was void and, therefore, § 65B.49 does not apply.

The court has already determined, however, that a genuine issue of material fact exists as to whether Follese had an insurable interest in the Vehicle. Resolving this factual dispute is necessary to determine the validity of the Policy and whether § 65B.49 requires State Farm to provide coverage. Accordingly, the court denies the parties' motions for summary judgment on this issue.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. State Farm's motion for summary judgment [Doc. No. 24] is granted in part, on terms consistent with this order, and;

2. Mortensen's motion for summary judgment [Doc. No. 14] is denied.

Dated: June 30, 2010

s/David S. Doty
David S. Doty, Judge
United States District Court